Dear Mr. Pittman:
Your request for an Attorney General's Opinion was forwarded to me for research and reply. In particular, you have asked the following question:
 May the Livingston Parish Jail legally offer and sell tobacco products to inmates under the age of eighteen?
The law which governs the sale, distribution, purchase and possession of tobacco by minors is La. R.S. 91.8, which states in pertinent part:
 C. It is unlawful for any manufacturer, distributor, retailer, or other person knowingly to sell or distribute any tobacco product to a person under the age of eighteen.
 E. It is unlawful for any person under the age of eighteen to buy any tobacco product.
 F. (1) It is unlawful for any person under the age of eighteen to possess any tobacco product.
 (2) However, it shall not be unlawful for a person under the age of eighteen to possess a tobacco product under any of the following circumstances:
 (a) When a person under eighteen years of age is accompanied by a parent, spouse, or legal guardian
twenty-one years of age or older. (emphasis added)
The language of this statute is clear, therefore one is not at liberty to give an interpretation different from the provision's express meaning. La. R.S. 14:91.8 prohibits the sale or distribution of tobacco products by anyone to a person under eighteen years of age. Furthermore, the subsection E unequivocally prohibits minors from purchasing tobacco. The only exemptions provided by the statute relate to the prohibition against possession of tobacco by a minor. That is, La. R.S.14:91.8 does not provide an exception to the prohibition of sale and distribution of tobacco to a minor, nor does it provide an exception to the law that minors may not purchase tobacco. As such, it would be illegal for Livingston Parish Jail to sell or distribute tobacco to persons under eighteen, and it would be illegal for persons under eighteen to purchase those tobacco products.
Your question raised the issue of legal guardianship, and asked whether or not the jail in which a minor is incarcerated qualifies as a "legal guardian" under La. R.S. 14:91.8(F) (2) (a). The context and syntax of the provision indicate that the term "legal guardian" should be construed by its accepted and established meaning. Under Louisiana jurisprudence relating to juveniles, a "legal guardian" is one who lawfully (usually through a court order) is invested with the power, and charged with the duty, of taking care of the minor and managing the property and rights of the minor, who does not possess the civil capability of administering his own affairs. This definition clearly does include jails or detention centers, therefore the Livingston Parish Jail would not be considered a "legal guardian" so as to be included in the La. R.S. 14:91.8(F) (2) (a) exemption.
This opinion is consistent with the basic principles of Louisiana criminal law. One of the key elements of detaining or incarcerating inmates is the deprivation of certain rights. If the sale or distribution of tobacco products to minors were permitted, the minors would, in effect, acquire a right in jail that they did not possess outside of jail. The absurdity of this consequence affirms the validity of the conclusions of this opinion.
Therefore, it is the opinion of this office that the Livingston Parish Jail may not legally sell or distribute tobacco products to inmates under the age of eighteen.
I hope that this opinion has adequately addressed your needs. If you need further assistance, please do not hesitate to contact us. With warmest regards, I remain
Sincerely,
RICHARD P. IEYOUB
 BY: ______________________________ FREDERICK A. DUHY, JR.
Date Received:
Date Released:
FREDERICK A. DUHY, JR. ASSISTANT ATTORNEY GENERAL